IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KUKUI GARDENS CORPORATION, a Hawaii Non-Profit Corporation, | ) ) ) | CIVIL NO.   08-00049 (ACK/KSC) (Other Civil Matter) |
| Plaintiff, | ) ) ) ) | ORDER GRANTING *PLAINTIFF KUKUI GARDENS CORPORATION'S EX-PARTE MOTION FOR A* |
| vs. | ) ) ) | *TEMPORARY RESTRAINING ORDER* FILED ON SEPTEMBER 25, 2009 |
| HOLCO CAPITAL GROUP, INC.; HC MORTGAGE COMPANY, INC.; KEVIN C. HORTON, INDIVIDUALLY; JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-5; DOE CORPORATIONS 1-5; DOE ASSOCIATIONS 1-5; DOE GOVERNMENTAL UNITS 1-5; AND DOE ENTITIES 1-5, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | Trial Date:  January 12, 2009 |
| HOLCO CAPITAL GROUP, INC., | ) ) | |
| Defendant and Counterclaimant, | ) ) ) ) | |
| vs. | ) ) | |
| KUKUI GARDENS CORPORATION, a Hawaii Non-Profit Corporation, | ) ) ) ) | |
| Plaintiff and Counterclaim Defendant. | ) ) ) ) | |

ORDER GRANTING *PLAINTIFF KUKUI GARDENS CORPORATION'S EX-PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER*

<u>FILED ON SEPTEMBER 25, 2009</u>

Plaintiff Kukui Gardens Corporation ("Plaintiff" or "KGC") filed *Plaintiff Kukui Gardens Corporation's Ex-Parte Motion for a Temporary Restraining Order* herein on September 25, 2009 ("Motion for TRO").

The court having reviewed and considered the Motion for TRO, and being duly advised of the records and files herein, and good cause appearing thereof,

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion for TRO is GRANTED, under the following circumstances and conditions:

A.   <u>REASONS WHY TEMPORARY RESTRAINING ORDER IS ISSUED</u>

Defendant Holco Capital Group, Inc. ("Holco") was among other things, the loan servicer and mortgagee under that certain note ("Note") and mortgage ("Mortgage") covering real property formerly owned by Plaintiff ("Property").

Holco had taken over the loan servicing duties from Defendant HC Mortgage Company, Inc. ("HCMC").

Defendant Kevin C. Horton ("Horton") founded HCMC and Holco, and was personally involved in servicing the Note and Mortgage for Plaintiff.  Hereinafter, Holco, HCMC, and Horton are referred to jointly as "Defendants."

2

Plaintiff was required by the U.S. Department of Housing and Urban Development ("HUD") to maintain a reserve fund for replacements and a reserve fund for residual receipts for the Property.

Over the term of the Note and Mortgage, Plaintiff paid millions of dollars into said reserve funds, in accordance with HUD requirements.

In its capacity as the servicer of the Note and Mortgage, Holco (and previously HCMC) received and deposited millions of dollars of Plaintiff's money designated for said reserve funds pursuant to HUD requirements, and held such sums in a fiduciary capacity, as trustee for Plaintiff, for necessary improvements to the Property during the term of the Note.

For purposes of Plaintiff's affirmative claims in this lawsuit, Plaintiff seeks $2.7 million of reserve funds currently held by Holco.

On September 21, 2009, Plaintiff filed *Plaintiff's Motion to Compel Deposit Into Court Registry*, in order to compel Defendants to pay the $2.7 million in reserve funds held by Holco into Court Registry, pending the outcome of this lawsuit ("Motion to Compel Deposit").  Said Motion is to be heard by Magistrate Judge Kevin C. Chang, and Judge Chang has set the hearing for the Motion to Compel Deposit for Friday, October 2, 2009 at 9:30 a.m.

In its Motion to Compel Deposit, Plaintiff asserted that there is a substantial threat that the $2.7 million of reserve funds is at risk of loss or depletion if such

3

funds are not ordered into Court for safeguarding, pending the outcome of this lawsuit.

On September 22, 2009, Horton testified at his oral deposition, both in his individual capacity and as Holco's designated Fed. R. Civ. P. 30(b)(6) designee.

In his deposition, Horton testified that the $2.7 million in reserve funds held by Holco for Plaintiff has been commingled and withdrawn to pay off personal and/or other business debts.

Specifically, Horton admitted that the $2.7 million in reserve funds, held by Holco for Plaintiff in its fiduciary capacity, has been commingled with other Holco funds, in accounts held with financial institutions ("Holco Financial Accounts").

Horton admitted that since January of 2008, he has withdrawn funds from the Holco Financial Accounts to payoff personal and business debts that did not relate to KGC.

Horton admitted that he co-mingled KGC's reserve funds with other non-KGC funds and used said funds to satisfy any obligation of Holco.

Horton also admitted that he has already lost sums of Plaintiff's funds, and has used Plaintiff's funds for personal purposes, confirming that Plaintiff's reserve funds are in immediate and dire danger of depletion and loss.

On September 25, 2009, Plaintiff filed its Motion for TRO to preserve the status quo and prevent any further disposition of these funds pending the hearing and decision on the Motion to Compel Deposit.

Pursuant to Fed. R. Civ. P. 65(b), Plaintiff's counsel has certified that a copy of the Motion for TRO was sent to Defendants counsel via e-mail and First Class Mail on September 25, 2009. Given Horton's testimony at his oral deposition, there is a risk that Holco and Horton will continue to dissipate the funds.  For this reason, the Court finds it necessary to issue the temporary restraining order at this time.

For the reasons set forth in the Motion for TRO, Plaintiff has demonstrated that it will probably prevail on its Motion to Compel Deposit.

For the reasons set forth in the Motion for TRO, Plaintiff has demonstrated that it will suffer irreparable injury if the requested temporary restraining order is not granted.  *See Hilao v. Estate of Marcos*, 25 F.3d 1467, 1480 (9th Cir. 1994) (holding that temporary restraining orders are proper where plaintiffs can establish that defendant has engaged in a pattern of dissipating assets).

For the reasons set forth in the Motion for TRO, Plaintiff has demonstrated that the balance of equities tips in Plaintiff's favor because of the severe harm that would result if Holco were to deplete all of the reserve funds.  In contrast, Defendants will face little hardship based on the temporary nature of this order.

5

For the reasons set forth in the Motion for TRO, Plaintiff has demonstrated that the public interest would be served by granting this motion based on the public's interest in preventing fiduciaries from dissipating assets held in trust.

This Court finds that a temporary restraining order against all Defendants in this matter from taking any action to withdraw, transfer, spend, or otherwise dispose of any funds or assets existing in the Holco Financial Accounts until such time that the Court has determined the outcome of the Motion to Compel Deposit, is necessary to prevent irreparable harm to Plaintiff.

B.    TERMS OF TEMPORARY RESTRAINING ORDER AND
      DESCRIPTION OF ACTS RESTRAINED

Defendants Holco, Horton, and HCMC are hereby restrained from taking any action to withdraw, transfer, spend or otherwise dispose of any funds or assets existing in accounts held by Holco until such time that this Court has determined the outcome of Plaintiff's pending Motion to Compel Deposit, which is scheduled for hearing in front of Magistrate Judge Kevin C. Chang on October 2, 2009 at 9:30 a.m.

In accordance with Fed. R. Civ. P. 65(d), this Order shall apply to:  1) all named Defendants in this lawsuit - Holco Capital Group, Inc., HC Mortgage

Company, Inc., and Kevin C. Horton; and 2) all of said parties' officers, agents, servants, employees, and attorneys.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, September, 28, 2009.



_____
Alan C. Kay
Sr. United States District Judge

------------------------

KUKUI GARDENS CORPORATION, Plaintiff, vs. HOLCO CAPITAL GROUP, INC.; HC MORTGAGE COMPANY, INC.; KEVIN C. HORTON, Defendants; CIVIL NO.  08-00049 (ACK/KSC)

ORDER GRANTING *PLAINTIFF'S EX-PARTE MOTION FOR TEMPORARY RESTRAINING ORDER* FILED ON SEPTEMBER 25, 2009