IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| KUKUI GARDENS CORPORATION, A Hawaii Non-Profit Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>HOLCO CAPITAL GROUP, INC; HC MORTGAGE COMPANY, INC; KEVIN C. HORTON, INDIVIDUALLY; JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-5; DOE ASSOCIATIONS 1-5; DOE GOVERNMENTAL UNITS 1-5; AND DOE ENTITIES 1-5,<br><br>Defendants. | ) | CIVIL NO. 08-00049 ACK-KSC<br><br>FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF’S MOTION FOR ORDER TO SHOW CAUSE |

FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF’S MOTION FOR ORDER TO SHOW CAUSE

Before the Court is Plaintiff Kukui Gardens Corporation’s (“Plaintiff”) Motion for Order to Show Cause (“Motion”), filed October 12, 2009. Defendants did not file an Opposition to the Motion.

This matter came on for hearing on October 22, 2009. Charles Gall, Esq. and Alan Goda, Esq., appeared on behalf of Plaintiff. Mark Kaiser, Esq., appeared by phone and Jack Schweigert, Esq., appeared on behalf of

Defendants.

After careful consideration of the Motion and the arguments of counsel, the Court HEREBY FINDS AND RECOMMENDS that the Motion be GRANTED IN PART AND DENIED IN PART for the reasons set forth below.

BACKGROUND

As the parties and the Court are familiar with the facts and background of this case, the Court will discuss only those facts bearing relevance to the instant Motion. On October 2, 2009, the Court issued an Order Granting Plaintiff's Motion to Compel Deposit Into Court Registry ("Order"), wherein the Court ordered Defendants to deposit $2,703,561.77 ("$2.7 million") into court by the close of business on October 7, 2009. To date, Defendants have not made a deposit of the $2.7 million or any portion thereof.

On October 13, 2009, the Court issued an Order Requiring Attendance at Settlement Conference ("Attendance Order"), directing Defendant Kevin Horton to attend the further settlement conference scheduled for October 22, 2009. Mr. Horton failed to appear at

the further settlement conference.

On October 22, 2009, the Court received a fax from Mr. Horton notifying the Court that Defendant Holco Capital Group, Inc. (“Holco”) filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Indiana. As a result, the hearing on the Motion proceeded as to Mr. Horton and Defendant HC Mortgage Company, Inc. (“HCMC”), and did not proceed as to Holco.

## DISCUSSION

Again, the Court notes that its finding regarding contempt and corresponding recommendation for sanctions is limited to Mr. Horton and HCMC, as the Court has yet to ascertain whether it has the power and authority to take action of this nature against Holco during the pendency of the bankruptcy case. Plaintiff will submit a memorandum by the close of business on October 23, 2009, to brief the Court on its authority as to Holco, and the Court will thereafter issue a recommendation regarding Holco’s contempt.

Plaintiff requests that the Court find

Defendants in contempt and issue the following sanctions: 1) imprisonment of Mr. Horton; 2) strike Defendants' defenses and/or dismiss Defendants' counterclaim; and 3) award Plaintiff sanctions in an amount sufficient to compensate Plaintiff for the harm caused by Defendants' non-compliance, including but not limited to attorneys' fees and costs.

Although Defendants did not file an opposition, Mr. Kaiser argued, at the hearing, that the Order was only directed at Defendant Holco, and because the action must be stayed as against Holco in light of the bankruptcy proceedings, no action should be taken.

Civil contempt occurs when a party disobeys a specific and definite court order by failing to take all reasonable steps within the party's power to comply. In re Dual-Deck Video Cassette Recorder Antitrust, 10 F.3d 693, 695 (9th Cir. 1993). District courts have "wide latitude in determining whether there has been contemptuous defiance of its order." Hook v. Ariz. Dep't of Corrections, 107 F.3d 1397, 1403 (9th Cir. 1997). Contempt "'need not be willful,' and there

is no good faith exception to the requirement of obedience to a court order." In re Dual-Deck, 10 F.3d at 695 (quoting In re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir. 1987)). The party moving for a finding of civil contempt must demonstrate by clear and convincing evidence that the alleged contemnor violated the court's order, and "a person should not be held in contempt if his action 'appears to be based on a good faith and reasonable interpretation of the [court's order].'" Id. (alteration in original) (quotations and citations omitted); Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc., 689 F.2d 885, 889 (9th Cir. 1982).

A. Defenses

"'Substantial compliance" with the court order is a defense to civil contempt, and is not vitiated by 'a few technical violations' where every reasonable effort has been made to comply." In re Dual Deck, 10 F.3d at 695 (citations omitted); Gen. Signal Corp v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986) (citing Vertex, 689 F.2d at 891-92) (If a defendant has

taken “all reasonable steps” to comply with the court order, technical or inadvertent violations of the order will not support a finding of civil contempt). “Ability to comply is the crucial inquiry, and ‘a court should weigh all the evidence properly before it determines whether or not there is actually a present ability to obey.’” United States v. Ayers, 166 F.3d 991, 994 (9th Cir. 1999) (quoting United States v. Drollinger, 80 F.3d 389, 393 (9th Cir. 1996)).

A respondent may not use the contempt proceeding as a basis for reconsidering the legal or factual basis of the order alleged to have been disobeyed. Ayers, 166 F.3d at 955 (quoting United States v. Rylander, 460 U.S. 752, 756-57 (1983) (citation omitted)). However, in a civil contempt proceeding, “a defendant may assert a present inability to comply with the [enforcement] order in question.” Id. (citations omitted). Where a defendant raises the present inability defense, he or she has the burden of production. Id. (citations omitted). In the event compliance with the order is factually impossible,

there is no reason to proceed with the civil contempt action. Id.

B. Sanctions

The court employs civil contempt sanctions “for two purposes: to coerce the defendant into compliance with the court’s order, and to compensate the complainant for losses sustained.” Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992) (citing United States v. United Mine Workers of America, 330 U.S. 258, 303-04 (1947)). If a sanction is imposed for the purpose of coercing the contemnor, “the court must, in determining the size and duration of the sanction, ‘consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing about the result desired.’” Id. (quoting United Mine Workers, 330 U.S. at 304).

A court may award fines as a compensatory sanction, but such “awards are limited to ‘actual losses sustained as a result of the contumacy.’” Gen. Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1380

(9th Cir. 1986) (citation omitted); see also United Mine Workers, 330 U.S. at 304 (stating that a compensatory fine must "be based upon evidence of complainant's actual loss"). Courts also have the power to order imprisonment. Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme, 433 F.3d 1199, 1250 (9th Cir. 2006). "A close analogy to coercive imprisonment is a per diem fine imposed for each day a contemnor fails to comply with an affirmative court order. Like civil imprisonment, such fines exert a constant coercive pressure." Id. (quoting Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 829 (1994)) (quotations omitted).

It is undisputed that Defendants have disobeyed the Order by failing to deposit the $2.7 million by the close of business on October 7, 2009. Mr. Horton also violated the Attendance Order by failing to appear at the October 22, 2009 further settlement conference. Defendants contest the imposition of contempt, but they have failed to establish a present inability to comply with the Order, or establish any other defense for

their disobedience. Defendants argue that there is no money to deposit into court, but they have not offered a single piece of evidence to support this bare, conclusory assertion.

Although the Court is concerned about Defendants' failure to comply with the Order and agrees with Plaintiff that imprisonment might have the greatest coercive effect, the Court views imprisonment as a last resort, and therefore declines to order imprisonment at this time. Similarly, the Court finds that dismissing Defendants' counter claims and defenses is a harsh sanction not yet supported by the record.

That said, the Court finds that monetary coercive and compensatory fines should be imposed against Mr. Horton and HCMC.[1] The Court recommends a

---

[1] There is ample precedent in this district to support the imposition of these sanctions, and even harsher sanctions. See, e.g., United States v. Bright, et al., Civil No. 07-00311 ACK-KSC (ordering a $500 daily coercive fine and compensatory sanctions to be determined once compliance is obtained); United States v. Liddell, et al., Civil No. 07-00310 SOM-KSC (ordering imprisonment and a $1,000/working day fine), aff'd, Nos. 07-16617, 08-16082 (9th Cir. May 14, 2009).

coercive monetary fine in the amount of $500 per day until Mr. Horton and HCMC comply with the Order or demonstrate a present inability to comply. Furthermore, the Court finds that an award of attorneys' fees and costs is appropriate as a compensatory sanction. Plaintiff's counsel is to submit a declaration in conformance with Local Rules 54.2 and 54.3(d) to support its request for fees and costs incurred in bringing this Motion.

Defendants, particularly Mr. Horton, are advised that their continued violation of the Order may result in the imposition of further sanctions, including but not limited to, incarceration and/or dismissal of their defenses and counterclaim. This matter may be the subject of subsequent proceedings to determine whether Mr. Horton remains in contempt and whether further sanctions should be imposed. In addition, the Court will entertain a motion to purge contempt, noting however, that the motion should be properly supported.

CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's Motion for Order to Show Cause, filed October 12, 2009, be GRANTED IN PART AND DENIED IN PART.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, October 23, 2009.




Kevin S.C. Chang
United States Magistrate Judge

KUKUI GARDENS CORPORATION V. HOLCO CAPITAL GROUP, INC., ET AL.; CIVIL NO. 08-00049 ACK-KSC; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE