IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KUKUI GARDENS CORPORATION, A Hawaii Non-Profit Corporation, | ) CIVIL NO. 08-00049 ACK-KSC ) ) FINDINGS AND ) RECOMMENDATION REGARDING |
| Plaintiff, | ) PLAINTIFF'S MOTION FOR ) ORDER TO SHOW CAUSE AS TO |
| vs. | ) DEFENDANT HOLCO CAPITAL ) GROUP, INC. |
| HOLCO CAPITAL GROUP, INC; HC MORTGAGE COMPANY, INC; KEVIN C. HORTON, INDIVIDUALLY; JOHN DOES 1-5; JANE DOES 1-5; DOE PARTNERSHIPS 1-5; DOE ASSOCIATIONS 1-5; DOE GOVERNMENTAL UNITES 1-5; AND DOE ENTITIES 1-5, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

FINDINGS AND RECOMMENDATION REGARDING
PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE
AS TO DEFENDANT HOLCO CAPITAL GROUP, INC.

On October 23, 2009, the Court issued a

Findings and Recommendation to Grant in Part and Deny

in Part Plaintiff's Motion for Order to Show Cause

("F&R").  In the F&R, the Court noted that it had not

ascertained whether it has the power and authority to

proceed against Defendant Holco Capital Group, Inc.

with respect to Plaintiff's Motion for Order to Show

Cause during the pendency of the bankruptcy case.

Having now received Plaintiff's Supplemental Brief Regarding Motion for Order to Show Cause, and based on its independent research, the Court finds that it may proceed against Holco, at least in the context of this civil contempt proceeding.

Section 362(a) of Title 11 of the United States Code governs automatic stays during the pendency of bankruptcy proceedings and § 362(b) contains the actions excepted from the automatic stay.  Although civil contempt proceedings are not listed in § 362(b), case law indicates that it is within this Court's power to take action against Holco for its violation of the Order Granting Plaintiff's Motion to Compel Deposit Into Court Registry ("Order").  See, e.g., David v. Hooker, Ltd., 560 F.2d 412 (9th Cir. 1977) (holding that the trial judge had the power to consider whether the bankrupt defendant and its agent were in contempt of court for failure to follow a prior discovery

2

order).[1]  Courts have the "inherent power to take whatever steps necessary to ensure those persons within its power comply with its orders."  U.S. Sprint Commc'n Co. v. Buscher, 89 B.R. 154, 156 (D. Kan. 1988).  It is inconceivable that "Congress intended to strip the court of this power, and instead permit a party to blatantly violate direct orders of the court and then seek shelter from a bankruptcy judge.  If this were so, the court's orders could be rendered almost meaningless."  Id.

In the present case, Holco, like Defendants Kevin Horton and HC Mortgage Company, Inc. ("HCMC"), disobeyed the Order.  The Order issued and Holco violated the Order prior to the commencement of the bankruptcy action.  Although the Court fully intends to abide by the automatic bankruptcy stay where relevant, in this instance, the Court has the authority to enforce its Order.  In re Dumas, 19 B.R. 676, 677 (9th

---

[1]  Hooker dealt with Bankruptcy Rule 401, a predecessor to § 362 of the Bankruptcy Code, which is "essentially similar" to § 362.  In re Dumas, 19 B.R. 676, 677 (9th Cir. 1982).

Cir. 1982) ("[T]hough the stay would prevent any further steps from being taken in the action, yet if, prior to the stay, the bankrupt had actually disobeyed the order of the court, his punishment must be entirely for the court. It can make no difference that the court has not fixed this punishment prior to the stay itself." (quoting In re Hall, 170 F. 721 (1909))). Holco should not be permitted to hide behind its bankruptcy action, especially where, as here, the timing of Holco's bankruptcy action is suspect, having been filed on the same day as the hearing on Plaintiff's Motion for Order to Show Cause ("Motion for OSC").

What is more, the Motion for OSC, presently before the Court, "does not involve a determination of the ultimate obligation of the bankrupt nor does it represent a ploy by a creditor to harass him." In re Dumas, 19 B.R. at 677 (quoting Hooker, 560 F.2d 412); Int'l Distribution Ctrs., Inc. v. Walsh Trucking Co., Inc., 62 B.R. 723 (S.D.N.Y. 1986). Rather, it seeks to impose sanctions on Holco and the other defendants to

coerce their compliance with the Court's Order, which Defendants undisputedly violated. While the Order sought to ensure the safekeeping of the $2.7 million that is the subject of the litigation due to concerns over the depletion of funds, it specifically noted that this Court was not making a determination about who will ultimately prevail in this action. Thus, efforts taken by this Court to enforce its Order do not involve a determination of Holco's ultimate obligation. Nor can it be said that Plaintiff's actions are designed to harass Holco.

Finally, in order to uphold the dignity of the Court, the Court need not stay the contempt proceeding. Even in instances where a contempt judgment/fine is payable to the opposing party as a means of coercing a party to comply with a court order, it has been determined that contempt proceedings, intended to uphold the dignity of the Court, should not be stayed. Stovall v. Stovall, 126 B.R. 814, 815-16 (N.D. Ga. 1990); In re Gedeon, 31 B.R. 942 (D. Colo. 1983); In re Kearns, 168 B.R. 423 (D. Kan. 1994) (contempt

proceedings that were intended to uphold the dignity of the court and punish the bankrupt debtor were excepted from the automatic stay); <u>Smith-St. John Mfg. Co. v. Price</u>, No. 88-2018, 1999 WL 7922 (D. Kan. 1989) (§ 362(a)(1) not applicable to contempt proceedings aimed at punishing debtor for flouting court orders). As already discussed, Holco cannot be permitted to disobey Court orders then shield itself behind a bankruptcy action.  The Court will therefore proceed against Holco under these limited circumstances.

Based on the foregoing, the Court finds that the sanctions recommended in the F&R ($500 daily fine and attorneys' fees and costs incurred in bringing the Motion for OSC) should also apply to Holco.

IT IS SO FOUND AND RECOMMENDED.

DATED:  Honolulu, Hawaii, October 27, 2009.



Kevin S.C. Chang
United States Magistrate Judge

<u>KUKUI GARDENS CORPORATION V. HOLCO CAPITAL GROUP, INC., ET AL.</u>; CIVIL NO. 08-00049 ACK-KSC; FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE AS TO DEFENDANT HOLCO CAPITAL GROUP, INC.